A CERTIFIED TRUE COPY

FEB 16 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1736

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CELEXA AND LEXAPRO PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of four actions in the Southern District of New York and one action each in the District of Idaho, Northern District of Mississippi, District of New Jersey, District of North Dakota, Western District of Oklahoma, District of South Carolina, and Western District of Washington as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Forest Laboratories, Inc., and Forest Pharmaceuticals, Inc. (collectively Forest) for coordinated or consolidated pretrial proceedings of the actions in the Southern District of Mississippi. All responding plaintiffs support centralization in some form, but plaintiffs suggest alternative transferee districts, with varying degrees of support, including the Northern District of Mississippi, District of New Jersey, Southern District of New York, Western District of Oklahoma, District of South Carolina, and Western District of Washington. Certain plaintiffs also argue that the Western District of Oklahoma action (*Dobbs*), which names an additional pharmaceutical company as a defendant, should be excluded from any transfer order. That defendant, Wyeth Pharmaceuticals (Wyeth), likewise opposes transfer of the claims against it in the Western District of Oklahoma action, but does not otherwise oppose the motion for transfer of the claims against Forest. Wyeth asks the Panel to separate the claims against it in the *Dobbs* action from those asserted against Forest and remand the claims against Wyeth for continued proceedings in the Western District of Oklahoma.

On the basis of the papers filed and hearing session held, the Panel finds that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and

---

[1] The Panel has been notified of two related actions pending, respectively, in the Middle District of Florida and the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Also, the Section 1407 motion before the Panel pertained to another action – *Janice Kemp, etc. v. Forest Laboratories, Inc., et al.*, S.D. Mississippi, C.A. No. 3:04-704 – which is now closed; accordingly, the question of Section 1407 transfer with respect to the action is now moot.

- 2 -

efficient conduct of this litigation. All actions before the Panel assert claims against one or both of the Forest defendants arising from ingestion of Celexa or Lexapro. Specifically, the actions share allegations relating to the safety of Celexa or Lexapro and the adequacy of Forest's warnings concerning the possible adverse effects of using the drugs, in particular, the potential for each product to induce its users to commit, or attempt to commit, suicide. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. The Panel is persuaded, however, that claims against Wyeth involving a prescription drug other than Celexa or Lexapro in the Western District of Oklahoma *Dobbs* action do not share sufficient questions of fact with claims against Forest regarding its drugs to warrant inclusion of the claims against Wyeth in the MDL-1736 proceedings.

Given the geographic dispersal of constituent actions, no district stands out as the focal point for this nationwide docket. By centralizing this litigation in the Eastern District of Missouri, we are assigning this docket to a jurist experienced in complex multidistrict litigation and sitting in a centrally located district with the capacity to handle this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407(a), claims in *Annabel Dobbs, etc. v. Forest Laboratories, Inc., et al.*, W.D. Oklahoma, C.A. No. 5:04-1762, against Wyeth relating to a prescription medication other than Celexa or Lexapro are separated and simultaneously remanded to the Western District of Oklahoma.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1736 -- In re Celexa and Lexapro Products Liability Litigation

### District of Idaho

*Dan Henrikson, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-121

### Northern District of Mississippi

*Ella May Cross, et al. v. Forest Laboratories, Inc.*, C.A. No. 1:05-170

### District of New Jersey

*Raymond P. Badyna, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-4711

### Southern District of New York

*William Manning, et al. v. Forest Laboratories, Inc.*, C.A. No. 1:05-6438
*Terry Johns, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-6439
*Ashley Smith v. Forest Laboratories, Inc.*, C.A. No. 1:05-6941
*Randy Cline, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-7644

### District of North Dakota

*Michael S. Rust, et al. v. Forest Laboratories, Inc., et al.*, C.A. No. 4:05-80

### Western District of Oklahoma

*Annabel Dobbs, etc. v. Forest Laboratories, Inc., et al.*, C.A. No. 5:04-1762

### District of South Carolina

*Daniel Steubing, et al. v. Forest Laboratories, Inc.*, C.A. No. 2:05-1573

### Western District of Washington

*Lois Ilich, etc. v. Forest Laboratories, Inc., et al.*, C.A. No. 2:05-667