UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
(ST. LOUIS)

| | |
|---|---|
| IN RE:  CELEXA AND LEXAPRO<br>PRODUCTS LIABILITY LITIGATION | MDL CASE #4:06-md-01736-RWS<br><br>Pertaining to:  4:07-cv-00582-RWS<br>(*Muzichuck v. Forest Laboratories, Inc.*) |

**MUZICHUCK PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
WITH RESPECT TO FOREST LABORATORIES'
<u>LEARNED INTERMEDIARY DEFENSE</u>**

Tammy Muzichuck is the widow of Bruce Muzichuck.  Both were citizens of West Virginia.  When Bruce died, Tammy initiated this wrongful death lawsuit against Forest in the Circuit Court of Marion County, West Virginia.  Suit was filed on or about December 4, 2006 and docketed as Civil Action No. 06-0-382.

The case was subsequently removed to federal court, and then transferred into this MDL.  Notwithstanding the removal and transfer, West Virginia substantive law still governs the case.  Forest's Answer pleads the "learned intermediary doctrine" as an affirmative defense.  Doc. 174 at ¶ 27.

However, there *is no learned intermediary doctrine* in West Virginia.  In a scholarly opinion issued in June 2007, the West Virginia Supreme Court branded the doctrine as "outmoded and unpersuasive" and squarely rejected it.  *State ex rel. Johnson & Johnson Corp. v. Karl*, 647 S.E.2d 899 (W.Va. 2007).

The federal courts in West Virginia have read the *Karl* opinion expansively, with a keen eye towards its public policy rationale.  For example, in *Hartman v. Caraco Pharm. Laboratories, Ltd.*, 789 F Supp 2d 701, 705 (S.D.W.Va. 2011) Judge Copenhaver remanded a case to state court, finding no "fraudulent joinder" with regard to pharmacy defendant because he thought the *Karl* "decision could be read as a wholesale rejection of the learned intermediary doctrine in all of its applications,

including its potential to exonerate pharmacies." *Contra Vagenos v. Alza Corp.*, CIV.A. 1:09-1523, 2010 WL 2944683 (S.D.W.Va. July 23, 2010)(Dismissing claims against drug store).

Similarly, in two cases, federal district courts in West Virginia have held that, because of the public policy implications, West Virginia substantive law would apply to the disputes before them, and, *ergo*, no learned intermediary defense would be permitted even though the plaintiffs were from other states. *Woodcock v. Mylan, Inc.*, 661 F. Supp. 2d 602, 607-08 (S.D.W.Va. 2009)(Applying West Virginia law to liability of West Virginia defendant, even though patient was in Alabama);[1] *Vitatoe v. Mylan Pharmaceuticals, Inc.*, 696 F. Supp. 2d 599, 610 (N.D.W.Va. 2010)(West Virginia public policy precluded reliance on learned intermediary defense in case involving a Louisiana patient).

Most a propos to the case at bar, however, is the more recent opinion in *Locklear v. Mylan, Inc.*, 2011 WL 3296635 (N.D.W.Va. August 1, 2011). In that case the court was asked to transfer a case that had been filed in West Virginia to North Carolina, the state of the plaintiff's residence. The plaintiff was concerned that, if the case was transferred, it might resurrect the pharmaceutical defendant's learned intermediary defense. Judge Keeley acknowledged that "the West Virginia Supreme Court of Appeals has declared that the learned intermediary doctrine violates the state's public policy" and that "this Court has held that it cannot be applied in a diversity case, even when another state's substantive law otherwise controls." Citing both *Vitatoe* and *Woodcock, supra.* However, she granted the transfer anyway, finding no prejudice to the plaintiff because "the

---

[1] "The analysis in *Karl* reveals that West Virginia's rejection of the learned-intermediary doctrine is grounded in public policy.... In rejecting the learned-intermediary doctrine in *Karl*, the Supreme Court of Appeals recognized West Virginia's public policy of holding corporations responsible for the harms they create. Thus, applying the learned-intermediary doctrine in this case would contravene West Virginia's public policy of placing liability on the cheapest cost avoider-in this case, Mylan."

transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Id*.

In the case at bar, as in *Locklear*, the transfer of venue should have nothing to do with the inapplicability of the learned intermediary doctrine under *Karl*. Because West Virginia law will simply not recognize this anachronistic defense, the Court should grant partial judgment on the pleadings as to that defense.

### Conclusion

The learned intermediary doctrine is a *de rigeur* defense in all pharmaceutical cases. But, two months after Forest filed its Answer in this case, the Supreme Court of West Virginia held that this common law defense was not available to pharmaceutical defendants in that State. This holding is firmly grounded in the public policy of West Virginia, and applies to all cases filed in West Virginia courts, even if other states' substantive laws apply to the underlying liability, and even if venue is transferred to another federal district court outside of West Virginia. Accordingly, partial judgment on the pleadings with regard to this defense is fully justified in this case.

Respectfully submitted,

PERDUE KIDD & VICKERY

*/s/ Arnold Anderson (Andy) Vickery*
Arnold Anderson (Andy) Vickery
Texas Bar No. 20571800
510 Bering Dr., Suite 550
Houston, TX  77057-1469
Telephone:  713-520-2500
Facsimile:  713-520-2525
Email:  andy@justiceseekers.com
*Counsel for Plaintiffs*
[Admitted *Pro Hac Vice*]

>Christopher L. Coffin, Esq.
>PENDLEY, BAUDIN & COFFIN, LLP
>P. O. Drawer 71
>Plaquemine, LA  70764
>Telephone:  225-687-6396
>Facsimile:  225-687-6398
>*Counsel for Plaintiffs*
>[Admitted *Pro Hac Vice*]

<u>Certificate of Service</u>

I certify that on this 5th day of October, 2012, Muzichuck Plaintiff's Motion for Judgment on the Pleadings with Respect to Forest Laboratories' Learned Intermediary Defense has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

>Joseph P. Thomas, Esq.
>John R. Ipsaro, Esq.
>ULMER & BERNE LLP
>600 Vine St., Suite 2800
>Cincinnati, OH  45202-2409

>*/s/ Arnold Anderson (Andy) Vickery*
>Arnold Anderson (Andy) Vickery